## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **CHRISTOPHER SANTOS** | : | |
| | : | |
| **VS.** | : | **C.A. No. 09-348 S** |
| | : | |
| **CITY OF PROVIDENCE, through its Treasurer,** | : | |
| **Stephen T. Napolitano; MATTHEW JEANETTE,** | : | |
| **ROBERT PAPA, VINCENT PAZZETTA, and** | : | |
| **FRANK NEWTON, individually and in their official** | : | |
| **capacities as Providence Police Officers, and** | : | |
| **DEAN ESSERMAN, individually and in his official** | : | |
| **capacity as Chief, Providence Police Department** | : | |

### PRETRIAL MEMORANDUM

Pursuant to the Order of this Court, Plaintiff submits his Pretrial Memorandum.

**I.     PROOF**

The Plaintiff, Mr. Santos, a resident of Southbridge, Massachusetts, had visited the City of Providence accompanied by several friends and acquaintances, intending to go to a club on Pine Street, to celebrate a birthday.  Mr. Santos and his party are Hispanic.  They had rented a stretch limousine for the occasion.  When their vehicle dropped them off, Mr. Santos was approached by a Providence Police Officer, later identified as Defendant Jeannette, who belligerently demanded identification.  Mr. Santos inquired as to why the officer wanted identification.  The officer refused to respond.  The officer then went to the bouncer and began speaking to him, pointing at Mr. Santos.

Ultimately, the bouncer then refused Mr. Santos and the rest of his party admission. When Mr. Santos and his party decided to go into the club next door, they were informed by Officer Jeannette that they could not enter that club, either.  Officer Jeannette used profanity with the Plaintiff and the party, and made references to Mr. Santos' racial background.  Mr.

Santos and his party then decided to proceed down Pine Street to determine if there were any other clubs in the vicinity where he and his party could spend the evening instead.  When Mr. Santos was passing by the Public Defender's Office, he was tackled from behind by Officer Jeannette and/or his fellow officers, Officer Papa and Officer Pazetta.  As a result, Mr. Santos' hand was forced through the plate glass window of the Public Defender's Office, seriously lacerating his hand.   The officers continued to beat Mr. Santos while he was down. One officer was smoking a cigar while laughing with the other officers, and stepping on Mr. Santos' head.  Mr. Santos' companions, Wilmer Perez and Jashua Torres, suffered similar treatment despite the fact that none of them had provoked the officers in any way.  The officers repeatedly made remarks such as:  "You're in my city now," and "This is my fucking city," and "You don't belong in my city."

Mr. Santos' hand bled profusely as a result of its being shoved through a window. When he was taken to the police station, Mr. Santos requested medical attention.  Instead, another Providence Police Officer, Officer Newton, slapped him to the floor while he was on his knees on the floor, handcuffed.

Mr. Santos was later charged with disorderly conduct.  He was also charged with vandalism/malicious injury to property – specifically, for breaking the window that his hand was forced through.  His companions would receive similar criminal charges, which were resolved conditioned upon their dropping their complaints against the City.   Mr. Santos' case was tried before the Sixth Division Court.  After the City had presented its case, Mr. Santos moved for and was granted a judgment of acquittal pursuant to Rule 48(a).

**A.      Assault and Battery**

The Plaintiff has brought four separate counts of assault and battery.  Counts I and II have been brought against Defendants Jeannette, Papa, and Pazzetta with respect to the incidents taking place on Pine Street.  To sustain a claim of assault, the Plaintiff must show that there was a physical act of a threatening nature or offer of corporal injury which put him in fear of imminent bodily harm.  *State v. Cardona*, 969 A.2d 667, 674 (R.I. 2009).  To sustain a claim of battery, the Plaintiff must demonstrate that there was an act that was intended to cause, and did cause, an offensive contact with unconsented touching of his person.  *Id*.  A police officer certainly has a right to use force, but only to the extent that that use of force is reasonable.  *Tessier v. LaNois,* 97 R.I. 414 198 A.2d 142 (1964); *Sheehan v. West*, 27 R.I. 84 (1904).

Even assuming *arguendo* that Defendants Jeannette, Papa, and Pazzetta had reasonable cause to attempt to take Plaintiff into custody, Plaintiff can demonstrate that these Defendants used force far exceeding that which was reasonable.  Plaintiff will testify that he was tackled from behind, forcing his hand through the window of the Public Defender's office.  Plaintiff will also testify that he offered no resistance to arrest.  Plaintiff will also testify, with corroboration from other witnesses, that the Defendants continued to strike him and his companions even when they were clearly not in a position to offer resistance.  These actions culminated in one officer's smoking a cigar with his foot on Plaintiff's head.

Counts III and IV have been brought against Defendant Frank Newton with respect to his conduct at the Providence Police station when slapping Plaintiff to the

ground.  Plaintiff – relying on both eyewitnesses *and* the Providence Police Department's own surveillance videotape – can demonstrate that this action was wholly unjustified. That tape clearly demonstrates that Plaintiff was handcuffed, on his knees, in clear distress, and not even remotely in a position to threaten Defendant Newton in any way.

**B.      False Arrest**

Plaintiff also brought a claim of false arrest against Defendants Jeannette, Papa, and Pazzetta (Count V).  To sustain a claim of false arrest, the Plaintiff must show that he was confined, that he was aware of the confinement, that he had not consented to that confinement, that the confinement was intentional, and that it was without legal justification or otherwise privileged.  *See Dyson v. City of Pawtucket*, 670 A.2d 233, 239 (R.I. 1996).  Malice is not a necessary element of this claim.  *Powers v. Carvalho*, 368 A.2d 1242, 1246 (R.I. 1977).

Plaintiff shall produce evidence that these Defendants lacked legal justification to place him under arrest because there was no probable cause to believe that he was committing any crime.  Defendants' own testimony demonstrates that they were unable to identify any conduct of the Plaintiff supporting a charge of disorderly conduct. Plaintiff also will present evidence that the officers could not have had probable cause to support a charge of vandalism, since they themselves had shoved him into the window that he was charged with breaking.  Even if some other individual had done the shoving, the police admitted that they had not seen the window get broken, and could not explain how it happened.  This contradicted statements in their report that they had observed Plaintiff break the window.

## C.    Malicious Prosecution

Plaintiff also brought claims of malicious prosecution against Defendants Jeannette, Papa, and Pazzetta (Count VI).  To sustain a claim of malicious prosecution, the Plaintiff must show that the Defendants instituted legal proceedings with malice and want of probable cause.  *Id*.  To support this claim, Plaintiff relies upon the same evidence as he proffers in support of his false imprisonment claim.  Plaintiff also believes that the circumstances support an inference that Defendants acted maliciously in pursuing these false charges against Plaintiff, in order to shield themselves from the consequences of their own wrongdoing.

## D.    Abuse of Process

Plaintiff has also brought a claim of abuse of process against Defendants Jeannette, Papa, and Pazzetta (Count VII).  An abuse of process arises where a legal proceeding, although set in motion in proper form, becomes a vehicle to promote an ulterior, wrongful purpose for which it was not designed.  *See Butera v. Boucher*, 798 A.2d 340, 353 (R.I. 2002).  Plaintiff relies upon the same evidence in support of this claim as he does for his claim of malicious prosecution.

## E.    Racial Harrassment/Intimidation

Plaintiff has also brought a claim of racial harrassment/intimidation against Defendants Jeannette, and Papa (Count IX).[1]  To sustain this claim, Plaintiff must establish that these Defendants subjected Plaintiff to acts that would ". . reasonably be construed as intended to harass or intimidate the person because of his or her race, . . . or national origin."  Plaintiff can clearly establish the harassment and intimidation element.

---

[1]Plaintiff will withdraw this claim against Defendant Newton.

In addition, Plaintiff can also produce direct evidence regarding the Defendants' remarks during the incidents on the corner of Pine dealing directing with his race.

**F.      Violation of R.I.G.L. § 31-21.2-1 et seq. (Racial Profiling)**

Plaintiff has also brought a claim against Defendants Jeannette, Papa, and Pazzetta under R.I.G.L. § 31-21.2 *et seq.*, alleging that he was targeted due to his race. To establish this claim, he must show that he suffered:  "detention, interdiction or other disparate treatment of an individual on the basis, in whole or in part, of the racial or ethnic status of such individual, except when such status is used in combination with other identifying factors seeking to apprehend a specific suspect whose racial or ethnic status is part of the description of the suspect, which description is timely and reliable." Plaintiff relies upon the same evidence for this count as he relies in support of his claim of racial/national origin intimidation.

**G.      Denial of Due Process in Violation of 42 U.S.C. §1983 (Excessive Force)**

Plaintiff has brought a count under 42 U.S.C. § 1983 against the Defendants Jeannette, Pazzetta, Papa, and Newton, alleging a violation of the Fourth Amendment (Count XI).   To establish his claim against the individual Defendants, Plaintiff must show that:  1) Defendants acted under color of state law; 2) that Plaintiff was deprived of federally protected rights, privileges, or immunities, and 3) Defendants' conduct was causally connected to Plaintiffs' deprivation.  *See Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 160 F.Supp.2d 188, 199 (D.P.R. 2001).

Undisputably, Defendants, all Providence patrolmen, acted under color of state law.  The use of excessive force to effect an arrest also effects a Fourth Amendment violation.  *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d. 443 (1989).

To support his allegations of excessive force, Plaintiff relies upon the same evidence upon which he uses to support his assault and battery claims against these Defendants.

**H.      Denial of Due Process in Violation of 42 U.S.C. § 1983 (Fourteenth Amendment)**

Plaintiff will withdraw this count.

**I.      Denial of Due Process in Violation of 42 U.S.C. § 1983 (Equal Protection)**

Plaintiff has also brought a count under 42 U.S.C § 1983 against Defendants Jeannette, Pazzetta, and Papa, alleging violation of his rights to Equal Protection pursuant to the Fourteenth Amendment.  Specifically, Plaintiff alleges that their conduct was motivated by his race.  In order to support this claim, the Plaintiff will need to establish that these Defendants acted in an intentionally discriminatory manner.  *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000).  An individual acts in with discriminatory intent where he or she acted at least in part due to the adverse effect on the disfavored group.  *Hayden v. Grayson*, 134 F.3d 449, 453 (1st Cir. 1998).  Plaintiff will establish this with the same evidence that he will use to support his claims of racial harassment/intimidation and racial profiling.

**J.      Negligent Training/Supervision**

Plaintiff has brought a claim of negligent training/supervision against the Defendants, Chief Dean Esserman and the City of Providence.  The Plaintiff will withdraw this claim.

**II      PROPOSED WITNESSES AND EXHIBITS**

Plaintiff's list of proposed witnesses and exhibits are attached.

**III.     PROBABLE LENGTH OF TRIAL**

Plaintiff anticipates that the trial will last five to seven days.

## IV.    JURY INSTRUCTIONS

See attached.

Respectfully submitted,
Plaintiff,
By his attorneys,

/s/ Stephen M. Robinson
Stephen M. Robinson #2103
Robinson & Clapham
155 South Main Street, Suite 402
Providence, RI  02903
(401) 331-6565
(fax) 331-7888
December 15, 2010
srobinson@smrobinsonlaw.com

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
Robinson & Clapham
155 South Main Street, Suite 402
Providence, RI  02903
(401) 331-6565
(fax) 331-7888
December 15, 2010
vbejma@smrobinsonlaw.com

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on December 15, 2010, that it is available for viewing and downloading from the ECF system, and that the counsel of record listed below will receive notice via the ECF system:

Michael J. Colucci, Esq.
Olenn & Penza, LLP
530 Greenwich Avenue
Warwick, RI  02886

Kevin McHugh, Esq.
City of Providence, Law Department
275 Westminster Street
Providence, RI  02903

/s/ Vicki J. Bejma

## EXHIBIT LIST

Plaintiff contemplates offering the following exhibits at trial:

1. Photos, Richmond/Pine Streets:  These photographs will be produced to assist the jury in understanding the setting in which Plaintiff was attacked by Defendants Jeannette, Pazzetta, and Papa.

2. Detail Police Report:  This Report of the Providence Police describes the incidents on the night in question.

3. Surveillance Photos, Providence Police station.  This will show Defendant Newton striking the Plaintiff while he was handcuffed, on the floor, on his knees.

4. Criminal complaint:  This exhibit demonstrates that criminal charges were brought against Plaintiff.

5. Photographs, Christopher Santos:  These photographs depict the injuries done to Plaintiff's hand.

6. Medical Records, Roger Williams Hospital:  This exhibit demonstrates medical treatment given to Plaintiff.

7. Medical Records, Harrington Memorial Hospital:  This exhibit demonstrates medical treatment given to Plaintiff.

8. Wage and hour records, Rubens Transportation:  This exhibit supports Plaintiff's claims of lost wages.

9. Records of Dr. Mark Stewart:  This exhibit demonstrates medical treatment given to Plaintiff.

10. Records of Dr. Raymond Dunn:  This exhibit demonstrates medical evaluation of the Plaintiff.

11. Sixth Division District Court Trial Record:  This record, including testimony from Defendants Jeannette and Papa, demonstrates that Plaintiff was acquitted of the criminal charges against him pursuant to a District Court Rule 48(a) motion to acquit.

*Exhibits 12 through 41 provide further corroboration Plaintiff's account of the subject incident, including eyewitness testimony:*

12. Deposition of Derek Garcia

13. Internal Affairs Investigation Log

14. Internal Affairs Complaint of Jashua Torres, a/k/a Felix Alejandro

15. Transcript of 7/2/2008 Torres Statement to Internal Affairs

16. Deposition of Jashua Torres

17. Affidavit, Felix Alejandro

18. Affidavit of Wilmer Perez

19. Internal Affairs Complaint of Wilmer Perez

20. Transcript of 7/2/08 Perez statement to Internal Affairs

21. Deposition of Giselt Marie Melendez

22. Deposition of Dimayra Colon

23. Deposition of Patrolman Virak In

24. Deposition of Christopher Santos

25. Santos Internal Affairs complaint

26. Transcript of 7/2/08 Santos statement to Internal Affairs

27. Santos complaint to Providence External Review Authority

28. Santos Response to Interrogatories

29. 10/8/08 statement of Virak In to Internal Affairs

30. 11/24/08 statement of Frank Newton to Internal Affairs

31. 11/17/08 notice to Frank Newton re complaint investigation

32. 76/27/08 Internal Affairs Interrogation Rights form (Newton)

33. Responses to Interrogatories, Frank Newton

34. Deposition of Patrolman Frank A. Newton

35. Deposition of Vincent A. Pazzetta

36. Pazzetta's Responses to Interrogatories

37. Deposition of Patrolman Matthew Jeannette

38. Matthew Jeannette's responses to interrogatories

39. Robert Papa's Responses to Interrogatories

40. Deposition of Patrolman Robert Papa

*Exhibits 42 through 49 are offered to support Plaintiff's claim that the Defendants' actions were impermissible and/or to rebut Defendants' claims that the actions taken against him were permissible. These Exhibits will also support claims of willfulness.*

41. Record of PERA proceedings against Robert Papa

42. Deposition of Inspector Frank Colon

43. 8/9/2007 Report re Abdur-Rasheed complaint re Jeannette

44. 11/7/07 Reprimand to Jeannette re Abdur-Rasheed

45. 9/15/09 Investigative Report re Matthew Jeannette

46. 7/29/08 decision of PERA re Officer Robert Papa

47. 7/29/08 letter of reprimand to Papa

48. PERA Ordinance

49. Providence Police Department use-of-force policy

*The following exhibits will be used in support of the claims of punitive damages against the Defendants, with respect to their financial condition:*

50. Providence Police contract

51. Providence Police recruitment brochure

# WITNESSES

**1. Christopher Santos:** The Plaintiff, Christopher Santos, is expected to testify regarding the actions of the Defendants on the night in question. He is also expected to testify regarding the damages that he has suffered as a result.

**2. Jashua Torres:** Mr. Torres, a/k/a Felix Alejandro, was an eyewitness to the treatment that Defendants Jeannette, Pazzetta, and Papa dealt to Plaintiff while taking him into custody, and also to that dealt out to Plaintiff by Defendant Newton while at the Providence Police station. Mr. Torres will also testify that he, too, suffered similar treatment from Defendants Jeannette, Pazzetta, and Papa, but that he was offered a plea bargain conditioned upon dropping his complaints against the officers.

**3. Wilmer Perez:** Mr. Perez, was an eyewitness to the treatment that Defendants Jeannette, Pazzetta, and Papa dealt to Plaintiff while taking him into custody, and also to that dealt out to Plaintiff by Defendant Newton while at the Providence Police station. Mr. Torres will also testify that he, too, suffered similar treatment from Defendants Jeannette, Pazzetta, and Papa, but that he was offered a plea bargain conditioned upon dropping his complaints against the officers.

**4. Derek Garcia:** Mr. Garcia was an eyewitness to the treatment that Defendants Jeannette, Pazzetta, and Papa dealt to Plaintiff while taking him into custody.

**5. Dimayra Colon:** Ms. Colon was an eyewitness to the treatment that Defendants Jeannette, Pazzetta, and Papa dealt to Plaintiff while taking him into custody.

**6. Giselt Marie Melendez:** Ms. Melendez was an eyewitness to the treatment that Defendants Jeannette, Pazzetta, and Papa dealt to Plaintiff while taking him into custody.

**7. Virak In:**  Officer In was present at the Providence Police station when Plaintiff was being booked.  He was an eyewitness to Defendant Newton's striking Plaintiff without justification.

**8. Keeper of the Records, Providence Police Department:**  It is expected that the Keeper of the Records will authenticate various records of the Providence Police Department, including, but not limited to, the surveillance tapes that depict Defendant Newton striking Plaintiff while Plaintiff was on the floor, on his knees, in handcuffs.

**9. Keeper of the Records, Roger Williams Hospital:**  After his arrest, Plaintiff was taken to Roger Williams Hospital for medical attention.  It is anticipated that the Keeper of the Record will authenticate records regarding his treatment.

**10. Keeper of the Records, Harrington Memorial Hospital:**  After his release from by the Providence Police Department, Plaintiff followed up for further treatment at Harrington Memorial Hospital.  It is anticipated that the Keeper of the Record will authenticate records regarding his treatment.

**11. Keeper of the Records, Rubens Transportation:**  Ruben's was Plaintiff's employer at the time of the subject incident.  It is anticipated that the Keeper of the Record will authenticate wage documentation that will support Plaintiff's claims of lost wages.

**12. Dr. Ronald M. Stewart:**  Dr. Stewart treated Plaintiff with respect to the psychological injuries that he suffered after the subject incident.  It is expected that he will testify as an expert.

**13. Arlenis Santos:**  Plaintiff's mother can testify as to the psychological effect that the subject incident had upon Plaintiff.

**14. Dr. Raymond Dunn:**  Dr. Dunn evaluated the injuries to Plaintiff's hand.

**15. Inspector Colon:**  Inspector Colon is the head of the Providence Police Department's Internal Affairs Division.  It is expected that he will testify as to procedures regarding civilian complaints and investigation thereof, and actions taken in response.  It is also anticipated that he will testify as to Defendant Jeannette and Papa's previous disciplinary history.

## JURY INSTRUCTIONS

**42 U.S.C. § 1983 (Fourth Amendment – Excessive Force)**

### Generally

The plaintiff has also brought a claim under the United States Code, Title 42, Section 1983, against Defendants Jeannettte, Papa, Pazzetta, and Newton. Title 42, Section 1983 (commonly referred to as "1983") gives a person the right to bring a lawsuit for a violation of a constitutional right by a police officer acting in an official capacity.

The plaintiff alleges that Officers Jeannette, Papa, Pazzetta, and Newton violated his constitutional rights under the Fourth Amendment by their use of excessive force. The Fourth Amendment reads:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The Fourth Amendment guarantees include the right to be free of excessive force by law enforcement officers.

The right to be free from excessive force exists even where the person is being lawfully arrested.

### Reasonable or Excessive Force?

A police officer is entitled to use such force as a reasonable person would think is required under the circumstances. The circumstances to be weighed include the severity of the crime the police were investigating, whether the plaintiff posed an immediate threat to the safety of the officers or others, and whether the plaintiff was actively resisting arrest or attempting to avoid arrest by fleeing.

That the police are angry or frustrated is not a relevant factor to be considered when determining the reasonableness of use of force.

The officers' subjective intentions are not relevant to the question of whether the use of force was reasonable. In other words, it is not relevant that the officers acted out of personal malice or spite towards the plaintiff.

When determining if the officers were using reasonable force, you must first weigh whether the use of force was reasonable at all at the time that it was applied. The use of force is not reasonable if there is no need for force. It is unreasonable for an

officer to use physical force on a person who has been arrested and restrained, who is securely under the control of the police, and who is not attempting to escape.

The use of any force by officers simply because a suspect is argumentative, contentious, or vituperative is illegal. Force can only be used to overcome physical resistance or threatened force, and lack of provocation or need to use force would make any use of force excessive.

You must also consider the degree of force being used. Even if some force is justified, the amount of force actually used may be excessive.

*Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Headwaters Forest Defense v. County of Humbolt*, 240 F.3d 1185, 1199, 1203 (9th Cir. 2000); *Santos v. Gates*, 287 F.3d 846 (9th Cir. 2002); *Cox v. Treadway*, 75 F.3d 230, 234 (6th Cir. 1996); *Bauer v. Norris*, 713 F.2d 408, 412 (8th Cir. 1983); *Agee v. Hickman*, 490 F.2d 210, 212 (8th Cir. 1974).

**Reasonableness of Use of Force to Be Judged at the Moment Used**

The reasonableness or unreasonableness of force is to be judged at the moment that the force was employed.

In simpler terms, this means that the level of force that would be reasonable will change over the course of events. An officer's initial use of force may be reasonable. However, as circumstances change, continuing the level of force, or using any force at all, may no longer be reasonable. For example, an officer may have initially needed to use a certain level of force to subdue a resisting arrestee. If that suspect were to cease resistance, the officer may be required to de-escalate his or her use of force.

*Jennings v. Jones*, 499 F.3d 2, 12 (1st Cir. 2007)

**Assault, Defined**

In addition to his Section 1983 claims, the Plaintiff has brought claims of assault under Rhode Island law against Defendants Jeannette, Papa, Pazzetta, and Newton.

An assault is a physical act of a threatening nature or an offer of bodily injury that puts an individual in reasonable fear of imminent bodily harm. It is the plaintiff's apprehension of injury that renders the defendant's act compensable. Words alone are never sufficient to establish an assault. However, if words are accompanied by a physical act which increases the plaintiff's fear of imminent bodily injury, that is sufficient to establish an assault.

*Proffitt v. Ricci*, 463 A.2d 514 (R.I. 1983); *Webbier v. Thoroughbred Racing Protective Bureau, Inc.*, 105 R.I. 605, 254 A.2d 285 (1969).

**Battery, Defined**

The Plaintiff has also brought Rhode Island law claims of battery against Defendants Jeannette, Papa, Pazzetta, and Newton.

A battery refers to an act that was intended to cause and in fact did cause an offensive contact with or unconsented touching of or trauma upon the body of another resulting in the consummation of an assault. An intent to injure a plaintiff, however, is unnecessary in a situation in which the defendant willfully sets in motion a force that in the ordinary course causes an injury. In order to recover for a battery, a plaintiff must show that there was an offensive contact with or unconsented touching of the body of another. In order to constitute a battery, a person must intend to cause the offensive contact or unconsented touching of another person. Thus, if a person accidentally and/or inadvertently touches another individual, that would not constitute a battery.

*Proffitt v. Ricci*, 463 A.2d 514 (R.I. 1983).

**Police Officers' Liability for Assault and Battery**

Police officers acting in the course of their duties do have a right to use force, but only where the use of that force is reasonable. A police officer may be liable for assault and/or battery where he or she exceeds the level of force that is reasonable under the the circumstances.

*Tessier v. LaNois,* 97 R.I. 414 198 A.2d 142 (1964); *Sheehan v. West*, 27 R.I. 84 (1904).

**False Arrest**

**Generally**

In this case, the Plaintiff has made the claim that the Defendants, Jeannette, Pazzetta, and Papa falsely imprisoned him. Broadly speaking, when we say that a person was falsely imprisoned we say that his or her freedom to move or choose his/her location is unlawfully obstructed or restrained. In order to prevail on a claim of false imprisonment, Plaintiff must prove that:

    a)    the defendant intended to confine and/or detain him;

    b)    the plaintiff was conscious of the fact that he was confined or detained;

    c)    the plaintiff did not consent to being confined or detained, and;

    d)    the confinement or detention was not otherwise privileged.

It is an essential element of a claim for false imprisonment that the Plaintiff prove he was confined or detained without legal justification. The length of time that the plaintiff's freedom was restrained is unimportant and the defendant will be liable for false imprisonment for even a momentary confinement. Similarly, the defendant's motivation, whether good or bad, is not important.

*Moody v. McElroy*, 513 A.2d 5 (R.I. 1986).

### Police Officer Liability

A police officer has the legal justification to perform a warrantless arrest, but only if he or she has probable cause for doing so. Probable cause exists where the facts and circumstances within the officer's knowledge would lead a reasonable person to conclude that a suspect has committed, is committing, or is about to commit a crime.

*Dubner v. City and County of San Francisco*, 266 F.3d 959, 966 (9th Cir. 2001).

## Malicious Prosecution

### Generally

Plaintiff has also brought a claim of malicious prosecution against the Defendants, Jeannette, Papa, and Pazzetta. In order to prove his claim against the Defendants, the Plaintiff must show that these Defendants instituted legal proceedings against him without legal justification, with malice.

*Dyson v. City of Pawtucket*, 670 A.2d 233, 239 (R.I. 1996).

### Police Officer Liability

A police officer who deliberately supplies misleading information to a prosecutor that influences the decision to prosecute may be liable for malicious prosecution.

*DeLoach v. Bevers*, 922 F.2d 618, 621 (10th Cir. 1990).

**Abuse of Process**

**Generally**

Plaintiff has also brought a claim of malicious prosecution against the Defendants, Jeannette, Papa, and Pazzetta.  In order to prove his claim against the Defendants, the Plaintiff does not need to show an improper motive in bringing the legal proceedings against him.  However, he must show that it became a vehicle to promote an ulterior, wrongful purpose for which it was not designed.

*Butera v. Boucher*, 798 A.2d 340, 353 (R.I. 2002).

**42 U.S.C. § 1983 (Equal Protection)**

**Generally**

Plaintiff has also brought a separate Section 1983 claim against the Defendants Jeannette, Papa, and Pazzetta, alleging another type of denial of his Constitutional Rights.  In this claim, the Plaintiff is alleging that these Defendants had behaved towards him as they did because of the Plaintiff's race (Hispanic).  If this allegation is true, then the Defendants are liable for violation of the right to equal protection under the laws.  The right to equal protection under the laws, regardless of race, is guaranteed by the Fourteenth Amendment of the Constitution.

The Plaintiff must show that the Defendants acted with an intention or purpose to discriminate against him due to his race.

*Washington v. Davis*, 426 U.S. 229, 239-40, 96 S.Ct. 2040, 2047-48, 48 L.Ed.2d 597 (1976).

**Proof of Discriminatory Intent**

A direct showing of discriminatory intent is not always necessary to make out an equal protection claim.  Under ordinary equal protection standards, a claimant may provide discriminatory purpose circumstantially.

*Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 266, 97 S.Ct. 555, 563, 50 L.Ed.2d 405 (1977)

**Racial Harassment/Intimidation, R.I.G.L. § 9-1-35**

In addition his Section 1983 claim, the Plaintiff has brought a claim against Defendants Jeannette, Papa, and Pazzetta under Rhode Island's statutes prohibiting racial harassment and intimidation, R.I.G.L. § 9-1-35.  In order to establish his claim under R.I.G.L. § 9-1-35, the Plaintiff must show he was subjected to an act or acts that a reasonable person would

construe as intended to harass and intimidate him due to his race.

**Racial Profiling Prevention Act, R.I.G.L. § 31-21.2-1 *et seq.***

In addition to his Section 1983 claim, the Plaintiff has brought a claim under Rhode Island's Racial Profiling Prevention Act, R.I.G.L. § 31-21.2-1 *et seq.* In order to prove his claim under R.I.G.L. § 31-21.2-1, the Plaintiff must show that he was detained, interdicted, or otherwise treated in a disparate manner based upon his race.

**Damages**

**Compensatory Damages**

If you find for the Plaintiff on liability, he is entitled to recover compensatory damages. Compensatory damages are designed to reasonably and fairly compensate the Plaintiff for any harm that which the wrongful conduct of the defendants was a substantial factor in bringing about.

Among the elements of injury and harm which you consider are:

1. The loss of past earnings and impairment of future earning capacity.

2. The reasonable expense for property damaged or destroyed.

3. The reasonable expense of legal services required and received by the Plaintiff to defend and clear himself.

4. The physical harm to the Plaintiff during and after the injury, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical pain, disability, and discomfort which the plaintiff will, with reasonable certainty, suffer in the future.

5. The reasonable expense of medical or psychological care, treatment, and services required and received by the Plaintiff in connection with his physical and psychological injuries, and the expenses for medical or psychological care that will be reasonably incurred in the future.

6. The emotional and mental harm to the plaintiff during and after the incident, including fear, humiliation, and mental anguish, and any emotional harm, fear, or mental anguish that the Plaintiff will, with reasonable certainty, suffer in the future.

7. The extent and duration of the injuries, including their continuation in the future.

**Interest**

If you have determined that compensatory damages should be awarded to the plaintiff, you must also decide whether to award interest. Whether you do award interest should depend upon whether you conclude that interest is necessary to compensate the plaintiff fully for any injury suffered, bearing in mind that the plaintiff has not had the use of damages you award during the time this litigation has been pending.

If you do award interest, the actual sum will be computed by the clerk at the rate provided by law.

*Furtado v. Bishop*, 604 F.2d 80 (1st Cir. 1979).

**Nominal Damages**

If you find that the Defendants violated Plaintiff's rights, but that Plaintiff was not injured, you may still award nominal damages, that is, damages in the amount of $1.00.

*David v. District of Columbia*, 158 F.3d 1342, 1349 (D.C.Cir. 1998) (quoting *Carey v. Piphus*, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1053-54, 55 L.2d.2d 252 (1978)

**Punitive Damages**

Punitive damages are different from compensatory damages. Compensatory damages are intended to make the Plaintiff whole for his losses. Punitive damages, on the other hand, are intended to punish a party whose wrongful conduct was malicious or intentional and to deter it and others from similar extreme conduct.

Because the intention is to punish rather than make whole, punitive damages may be awarded even if the Plaintiff actual damages to the plaintiff were very small, or only nominal.

You may award punitive damages only if the defendant acted with malice, wantonness or willfulness of such an extreme nature as to amount to criminality which, for the good of society and as a warning to individuals, ought to be punished. You should award punitive damages only if defendant's conduct requires deterrence and punishment over and above that provided by an award of compensatory damages.

You may consider a defendant's wealth in determining the appropriate amount of punitive damages. Nevertheless, the amount of punitive damages you award must reasonably relate to:

a)  the character and degree of defendant's wrongful conduct;

b)  the amount of compensatory damages which you award; and

**c)**  the impact of the punitive damages on third parties.

*BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Insurance Co. v. Haship*, 499 U.S. 1 (1991); *Emery-Waterhouse Co. v. Rhode Island Hospital Trust National Bank*, 757 F.2d 399, 410 (1st Cir. 1985); *Palmisano v. Toth*, 624 A.2d 314, 317-318 (R.I. 1993); *Morin v. Aetna Casualty and Surety Co.*, 478 A.2d 964, 967 (R.I. 1984).

JURY INSTRUCTION FORM

VERDICT FORM

We, the jury, answer the questions submitted as follows:

**Section I:**  **42 U.S.C. § 1983 (Fourth Amendment – Excessive Force)**

    **1.  Liability**

        Do you find that any one of these defendants subjected Plaintiff to excessive force?

        Jeannette      _____ Yes        _____ No

        Papa        _____ Yes        _____ No

        Pazzetta      _____ Yes        _____ No

        Newton       _____ Yes        _____ No

        *Should all of your answers to the preceding question be "no," then you need not consider whether to award damages to the plaintiff. Proceed to Section II.*

        *Should any of your answers to the preceding question be "yes," then you must proceed to answer the following questions relating to damages. Answer only the relevant questions for the particular defendants you have found to be liable.*

    **2.  Damages**

       a.  Nominal Damage

        If you find that that any of the defendants were liable, but that plaintiff has failed to prove any specific damages, you may award nominal damages as compensation for the violation itself. Such an award of nominal damages is not required. Indicate below the amounts (not to exceed one dollar) to be paid by each defendant whom you have previously found to be liable to the plaintiff.

        Defendants

            Jeannette      $_____

            Papa        $_____

            Pazzetta      $_____

            Newton       $_____

b. <u>Compensatory Damages</u>

    i.   Did plaintiff suffer any actual injuries or other damages caused by any of the defendants you have previously found to be liable to the plaintiff?
_____Yes                _____No

       Should your answer to the question above "yes," then you must proceed to answer the following question.

    ii.  If you find that plaintiff sustained actual injuries or other damages, state the total amount of compensatory damages awarded to the plaintiff and indicate the amounts to be paid by each defendant whom you have previously found to be liable to the plaintiff.  Also determine whether you will award the plaintiff interest on any such award.

       <u>Defendants</u>

           Jeanette           $_____       Interest? __ yes __no

           Papa               $_____       Interest? __ yes __no

           Pazzetta           $_____       Interest? __ yes __no

           Newton            $_____       Interest? __ yes __no

c. <u>Punitive Damages</u>

    i.   Do you find that the conduct of any of the defendants acted with malice, wantonness or willfulness of such an extreme nature as to amount to criminality which, for the good of society and as a warning to individuals, ought to be punished?

           Jeannette       _____ Yes       _____ No

           Papa              _____ Yes       _____ No

           Pazzetta        _____ Yes       _____ No

           Newton         _____ Yes       _____ No

    ii.  State the appropriate amount of punitive damages for each defendant:

Jeanette           $_____

Papa                $_____

Pazzetta            $_____

Newton              $_____

***Go to Section II.***

**Section II:  Assault**

**1.  Liability**

Do you find that any one of these defendants assaulted Plaintiff?

Jeannette     _____ Yes       _____ No

Papa           _____ Yes       _____ No

Pazzetta      _____ Yes       _____ No

Newton       _____ Yes       _____ No

***Should all of your answers to the preceding question be "no," then you need not consider whether to award damages to the plaintiff. Proceed to Section III.***

***Should any of your answers to the preceding question be "yes," then you must proceed to answer the following questions relating to damages. Answer only the relevant questions for the particular defendants you have found to be liable.***

**2.  Damages**

a.  <u>Nominal Damage</u>

If you find that that any of the defendants were liable, but that plaintiff has failed to prove any specific damages, you may award nominal damages as compensation for the violation itself. Such an award of nominal damages is not required. Indicate below the amounts (not to exceed one dollar) to be paid by each defendant whom you have previously found to be liable to the plaintiff.

<u>Defendants</u>

Jeannette     $_____

Papa                $_____

Pazzetta            $_____

Newton              $_____

b.  <u>Compensatory Damages</u>

Did plaintiff suffer any actual injuries or other damages caused by any of the defendants you have previously found to be liable to the plaintiff?
_____Yes                    _____No


Should your answer to the question above "yes," then you must proceed to answer the following question.

If you find that plaintiff sustained actual injuries or other damages, state the total amount of compensatory damages awarded to the plaintiff and indicate the amounts to be paid by each defendant whom you have previously found to be liable to the plaintiff.

<u>Defendants</u>

Jeannette           $_____

Papa                $_____

Pazzetta            $_____

Newton              $_____


c.  <u>Punitive Damages</u>

i.  Do you find that the conduct of any of the defendants acted with malice, wantonness or willfulness of such an extreme nature as to amount to criminality which, for the good of society and as a warning to individuals, ought to be punished?

Jeannette       _____ Yes           _____ No

Papa            _____ Yes           _____ No

Pazzetta        _____ Yes           _____ No

27

Newton          _____ Yes          _____ No

ii.  State the appropriate amount of punitive damages for each defendant:

Jeannette          $_____

Papa          $_____

Pazzetta          $_____

Newton          $_____

***Go to Section III.***


## Section III:  Battery

### 1.  Liability

Do you find that any one of these defendants committed a battery on the Plaintiff?

Jeannette          _____ Yes          _____ No

Papa          _____ Yes          _____ No

Pazzetta          _____ Yes          _____ No

Newton          _____ Yes          _____ No

***Should all of your answers to the preceding question be "no," then you need not consider whether to award damages to the plaintiff. Proceed to Section IV.***

***Should any of your answers to the preceding question be "yes," then you must proceed to answer the following questions relating to damages. Answer only the relevant questions for the particular defendants you have found to be liable.***

### 2.  Damages

a.  <u>Nominal Damage</u>

If you find that that any of the defendants were liable, but that plaintiff has failed to prove any specific damages, you may award nominal damages as compensation for the violation itself. Such an award of nominal damages is not required. Indicate below the amounts (not to exceed one dollar) to be paid by each defendant whom you have previously found to be liable to the plaintiff.

Defendants

    Jeanette        $_____

    Papa             $_____

    Pazzetta        $_____

    Newton         $_____

b.  <u>Compensatory Damages</u>

Did plaintiff suffer any actual injuries or other damages caused by any of the defendants you have previously found to be liable to the plaintiff?
_____Yes                 _____No

Should your answer to the question above "yes," then you must proceed to answer the following question.

If you find that plaintiff sustained actual injuries or other damages, state the total amount of compensatory damages awarded to the plaintiff and indicate the amounts to be paid by each defendant whom you have previously found to be liable to the plaintiff.

Defendants

    Jeannette        $_____

    Papa             $_____

    Pazzetta        $_____

    Newton         $_____

a.  <u>Punitive Damages</u>

    i.  Do you find that the conduct of any of the defendants acted with malice, wantonness or willfulness of such an extreme nature as to amount to criminality which, for the good of society and as a warning to individuals, ought to be punished?

        Jeannette      _____ Yes        _____ No

Papa        _____ Yes        _____ No

Pazzetta    _____ Yes        _____ No

Newton      _____ Yes        _____ No

ii. State the appropriate amount of punitive damages for each defendant:

Jeannette        $_____

Papa             $_____

Pazzetta         $_____

Newton           $_____

**_Go to Section IV._**

## Section IV:  False Arrest

**1. Liability**

Do you find that any one of these defendants falsely arrested Plaintiff?

Jeannette      _____ Yes        _____ No

Papa           _____ Yes        _____ No

Pazzetta       _____ Yes        _____ No

**_Should all of your answers to the preceding question be "no," then you need not consider whether to award damages to the plaintiff. Proceed to Section V._**

**_Should any of your answers to the preceding question be "yes," then you must proceed to answer the following questions relating to damages. Answer only the relevant questions for the particular defendants you have found to be liable._**

**2. Damages**

a.  <u>Nominal Damage</u>

If you find that that any of the defendants were liable, but that plaintiff has failed to prove any specific damages, you may award nominal damages as compensation for the violation itself. Such an award of nominal damages is not

required. Indicate below the amounts (not to exceed one dollar) to be paid by each defendant whom you have previously found to be liable to the plaintiff.

<u>Defendants</u>

Jeannette         $_____

Papa              $_____

Pazzetta          $_____

b.  <u>Compensatory Damages</u>

Did plaintiff suffer any actual injuries or other damages caused by any of the defendants you have previously found to be liable to the plaintiff?

_____Yes                      _____No


Should your answer to the question above "yes," then you must proceed to answer the following question.

If you find that plaintiff sustained actual injuries or other damages, state the total amount of compensatory damages awarded to the plaintiff and indicate the amounts to be paid by each defendant whom you have previously found to be liable to the plaintiff.  Also determine whether you will award the plaintiff interest on any such award.

<u>Defendants</u>

Jeannette              $_____

Papa                   $_____

Pazzetta               $_____


c.  <u>Punitive Damages</u>

    i.  Do you find that the conduct of any of the defendants acted with malice, wantonness or willfulness of such an extreme nature as to amount to criminality which, for the good of society and as a warning to individuals, ought to be punished?


        Jeannette         _____ Yes          _____ No

Papa       _____ Yes        _____ No

Pazzetta       _____ Yes        _____ No

ii. State the appropriate amount of punitive damages for each defendant:

Jeanette       $_____

Papa       $_____

Pazzetta       $_____

***Go to Section V.***

## Section V:  Malicious Prosecution

### 1.  Liability

Do you find that any one of these defendants engaged in a malicious prosecution of Plaintiff?

Jeannette       _____ Yes        _____ No

Papa       _____ Yes        _____ No

Pazzetta       _____ Yes        _____ No

***Should all of your answers to the preceding question be "no," then you need not consider whether to award damages to the plaintiff. Proceed to Section VI.***

***Should any of your answers to the preceding question be "yes," then you must proceed to answer the following questions relating to damages. Answer only the relevant questions for the particular defendants you have found to be liable.***

### 2.  Damages

#### a.  Nominal Damage

If you find that that any of the defendants were liable, but that plaintiff has failed to prove any specific damages, you may award nominal damages as compensation for the violation itself. Such an award of nominal damages is not required. Indicate below the amounts (not to exceed one dollar) to be paid by each defendant whom you have previously found to be liable to the plaintiff.

Defendants

Jeannette        $_____

Papa             $_____

Pazzetta         $_____

b.  <u>Compensatory Damages</u>

Did plaintiff suffer any actual injuries or other damages caused by any of the defendants you have previously found to be liable to the plaintiff?

_____Yes                    _____No

Should your answer to the question above "yes," then you must proceed to answer the following question.

If you find that plaintiff sustained actual injuries or other damages, state the total amount of compensatory damages awarded to the plaintiff and indicate the amounts to be paid by each defendant whom you have previously found to be liable to the plaintiff.  Also determine whether you will award the plaintiff interest on any such award.

    <u>Defendants</u>

Jeannette                $_____

Papa                     $_____

Pazzetta                 $_____

c.  <u>Punitive Damages</u>

    i.  Do you find that the conduct of any of the defendants acted with malice, wantonness or willfulness of such an extreme nature as to amount to criminality which, for the good of society and as a warning to individuals, ought to be punished?

Jeannette        _____ Yes          _____ No

Papa             _____ Yes          _____ No

Pazzetta         _____ Yes          _____ No

ii.  State the appropriate amount of punitive damages for each defendant:

Jeannette          $_____

Papa               $_____

Pazzetta           $_____

**_Go to Section VI._**

**<u>Section VI</u>:  Abuse of Process**

**1.  Liability**

Do you find that any one of these defendants engaged in legal process against the Plaintiff for purposes other than that for which it was designed?

Jeannette        _____ Yes          _____ No

Papa             _____ Yes          _____ No

Pazzetta         _____ Yes          _____ No

**_Should all of your answers to the preceding question be "no," then you need not consider whether to award damages to the plaintiff. Proceed to Section VII._**

**_Should any of your answers to the preceding question be "yes," then you must proceed to answer the following questions relating to damages. Answer only the relevant questions for the particular defendants you have found to be liable._**

**2.  Damages**

a.  <u>Nominal Damage</u>

If you find that that any of the defendants were liable, but that plaintiff has failed to prove any specific damages, you may award nominal damages as compensation for the violation itself. Such an award of nominal damages is not required. Indicate below the amounts (not to exceed one dollar) to be paid by each defendant whom you have previously found to be liable to the plaintiff.

<u>Defendants</u>

Jeannette        $_____

Papa             $_____

Pazzetta          $_____

b.  <u>Compensatory Damages</u>

Did plaintiff suffer any actual injuries or other damages caused by any of the defendants you have previously found to be liable to the plaintiff?

_____Yes                          _____No

Should your answer to the question above "yes," then you must proceed to answer the following question.

If you find that plaintiff sustained actual injuries or other damages, state the total amount of compensatory damages awarded to the plaintiff and indicate the amounts to be paid by each defendant whom you have previously found to be liable to the plaintiff.  Also determine whether you will award the plaintiff interest on any such award.

<u>Defendants</u>

Jeannette              $_____

Papa                    $_____

Pazzetta              $_____

c.  <u>Punitive Damages</u>

i.  Do you find that the conduct of any of the defendants acted with malice, wantonness or willfulness of such an extreme nature as to amount to criminality which, for the good of society and as a warning to individuals, ought to be punished?

Jeannette        _____ Yes            _____ No

Papa              _____ Yes            _____ No

Pazzetta        _____ Yes            _____ No

ii.  State the appropriate amount of punitive damages for each defendant:

Jeannette              $_____

Papa                    $_____

Pazzetta                $_____

**_Go to Section VII._**

## Section VII:  42 U.S.C. § 1983 (Equal Protection)

**1.  Liability**

Do you find that any one of these defendants intentionally discriminated against Plaintiff based upon his race?

Jeannette        _____ Yes          _____ No

Papa             _____ Yes          _____ No

Pazzetta         _____ Yes          _____ No

**_Should all of your answers to the preceding question be "no," then you need not consider whether to award damages to the plaintiff. Proceed to Section VIII._**

**_Should any of your answers to the preceding question be "yes," then you must proceed to answer the following questions relating to damages. Answer only the relevant questions for the particular defendants you have found to be liable._**

**2.  Damages**

a.  <u>Nominal Damage</u>

If you find that that any of the defendants were liable, but that plaintiff has failed to prove any specific damages, you may award nominal damages as compensation for the violation itself. Such an award of nominal damages is not required. Indicate below the amounts (not to exceed one dollar) to be paid by each defendant whom you have previously found to be liable to the plaintiff.

<u>Defendants</u>

Jeannette        $_____

Papa             $_____

Pazzetta         $_____

   b.  <u>Compensatory Damages</u>

      i.  Did plaintiff suffer any actual injuries or other damages caused by any of the defendants you have previously found to be liable to the plaintiff?
_____Yes              _____No

Should your answer to the question above "yes," then you must proceed to answer the following question.

      ii.  If you find that plaintiff sustained actual injuries or other damages, state the total amount of compensatory damages awarded to the plaintiff and indicate the amounts to be paid by each defendant whom you have previously found to be liable to the plaintiff.  Also determine whether you will award the plaintiff interest on any such award.

<u>Defendants</u>

Jeannette          $_____       Interest? __ yes __no

Papa              $_____       Interest? __ yes __no

Pazzetta          $_____       Interest? __ yes __no

   c.  <u>Punitive Damages</u>

      i.  Do you find that the conduct of any of the defendants acted with malice, wantonness or willfulness of such an extreme nature as to amount to criminality which, for the good of society and as a warning to individuals, ought to be punished?

Jeannette       _____ Yes       _____ No

Papa           _____ Yes       _____ No

Pazzetta      _____ Yes       _____ No

      ii.  State the appropriate amount of punitive damages for each defendant:

Jeannette          $_____

Papa               $_____

Pazzetta                 $_____

*Go to Section VIII.*

## Section VIII:  Racial Harrassment/Intimidation, R.I.G.L. § 9-1-35

1.  **Liability**

Do you find that any one of these defendants engaged in conduct that the Plaintiff could reasonable construe as harassment or intimidation based upon his race?

Jeannette        _____ Yes        _____ No

Papa             _____ Yes        _____ No

Pazzetta         _____ Yes        _____ No

*Should all of your answers to the preceding question be "no," then you need not consider whether to award damages to the plaintiff. Proceed to Section IX.*

*Should any of your answers to the preceding question be "yes," then you must proceed to answer the following questions relating to damages. Answer only the relevant questions for the particular defendants you have found to be liable.*

2.  **Damages**

a.  Nominal Damage

If you find that that any of the defendants were liable, but that plaintiff has failed to prove any specific damages, you may award nominal damages as compensation for the violation itself. Such an award of nominal damages is not required. Indicate below the amounts (not to exceed one dollar) to be paid by each defendant whom you have previously found to be liable to the plaintiff.

Defendants

Jeannette        $_____

Papa             $_____

Pazzetta         $_____

b.  Compensatory Damages

i. Did plaintiff suffer any actual injuries or other damages caused by any of the defendants you have previously found to be liable to the plaintiff?

_____Yes                          _____No

Should your answer to the question above "yes," then you must proceed to answer the following question.

ii. If you find that plaintiff sustained actual injuries or other damages, state the total amount of compensatory damages awarded to the plaintiff and indicate the amounts to be paid by each defendant whom you have previously found to be liable to the plaintiff.  Also determine whether you will award the plaintiff interest on any such award.

<u>Defendants</u>

Jeannette          $_____

Papa              $_____

Pazzetta          $_____

a.  <u>Punitive Damages</u>

i. Do you find that the conduct of any of the defendants acted with malice, wantonness or willfulness of such an extreme nature as to amount to criminality which, for the good of society and as a warning to individuals, ought to be punished?

Jeannette        _____ Yes          _____ No

Papa            _____ Yes          _____ No

Pazzetta        _____ Yes          _____ No

ii.  State the appropriate amount of punitive damages for each defendant:

Jeannette          $_____

Papa              $_____

Pazzetta          $_____

*Go to Section IX.*

**Section IX:  Racial Profiling Prevention Act, R.I.G.L. 31-21.2-1 *et seq*.**

**1.  Liability**

Do you find that any one of these defendants detained, interdicted, or otherwise treated Plaintiff in a disparate manner based upon his race?

Jeannette          _____ Yes          _____ No

Papa          _____ Yes          _____ No

Pazzetta          _____ Yes          _____ No

*Should all of your answers to the preceding question be "no," then you need not consider whether to award damages to the plaintiff. Proceed to Section IX.*

*Should any of your answers to the preceding question be "yes," then you must proceed to answer the following questions relating to damages. Answer only the relevant questions for the particular defendants you have found to be liable.*

**2.  Damages**

a.  Nominal Damage

If you find that that any of the defendants were liable, but that plaintiff has failed to prove any specific damages, you may award nominal damages as compensation for the violation itself. Such an award of nominal damages is not required. Indicate below the amounts (not to exceed one dollar) to be paid by each defendant whom you have previously found to be liable to the plaintiff.

Defendants

Jeannette          $_____

Papa          $_____

Pazzetta          $_____

b.  Compensatory Damages

i.  Did plaintiff suffer any actual injuries or other damages caused by any of the defendants you have previously found to be liable to the plaintiff?

_____Yes                    _____No

Should your answer to the question above "yes," then you must proceed to answer the following question.

ii. If you find that plaintiff sustained actual injuries or other damages, state the total amount of compensatory damages awarded to the plaintiff and indicate the amounts to be paid by each defendant whom you have previously found to be liable to the plaintiff.  Also determine whether you will award the plaintiff interest on any such award.

<u>Defendants</u>

Jeannette            $_____

Papa                 $_____

Pazzetta             $_____

c.  <u>Punitive Damages</u>

i. Do you find that the conduct of any of the defendants acted with malice, wantonness or willfulness of such an extreme nature as to amount to criminality which, for the good of society and as a warning to individuals, ought to be punished?

Jeannette        _____ Yes            _____ No

Papa             _____ Yes            _____ No

Pazzetta         _____ Yes            _____ No

ii. State the appropriate amount of punitive damages for each defendant:

Jeannette            $_____

Papa                 $_____

Pazzetta             $_____